# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40547

———————

Anthony Bernard Wingfield,

*Plaintiff—Appellant*,

*versus*

Unknown Garner, CO; Unknown Hinejosa, CO; Unknown Ellis, *Sergeant, Michael Unit*; Unknown Garner, *Sergeant, Michael Unit*; Unknown Cunningham, *Sergeant, Michael Unit*; Unknown Marshon, *CO, Michael Unit*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-320

———————————————————

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Anthony Bernard Wingfield, Texas prisoner #1896078, filed a civil rights complaint, alleging claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). The district court dismissed his complaint for failure to state a claim upon which relief may be granted and because the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendants were immune from suit. Wingfield has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" "[P]robable success" need not be shown for an appeal to be in good faith. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Wingfield argues that the defendants had confiscated his shoes without authorization, even though he was an amputee and the shoes were medically necessary. In addition, he maintains that defendant Ellis witnessed one of the confiscations but refused to intervene or contact the medical department. He concedes that the shoes were returned to him. Wingfield also asserts that the defendants refused to bring him to an appointment at the brace and limb clinic for alterations of his prosthesis because Wingfield was not wearing appropriate footwear. Although the prison changed the footwear policy the next day, Wingfield was not permitted to visit the clinic for 38 days. He does not address the district court's conclusions that the defendants were entitled to qualified immunity or that any claims against the defendants in their official capacities were barred by the Eleventh Amendment, and any such arguments are abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to his deliberate indifference claims, Wingfield alleges that on two occasions his medically necessary shoes were taken from him and on one of these occasions his lack of shoes resulted in his inability to access the brace and limb clinic, which in turn caused him to "suffer" for 38 days. He also contends that it was apparent that he is an amputee, the shoes "were serious medical need," and that Cunningham confiscated his shoes the second time

No. 23-40547

"after seeing medical paper-work." Wingfield has presented a nonfrivolous issue of whether the defendants were aware of a substantial risk of serious harm, and whether the confiscation of the shoes created a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

"The existence of any nonfrivolous issue on appeal is sufficient to require that this Court grant the inmates' present motion." *Howard*, 707 F.2d at 220 (citing *Carson v. Polley*, 689 F.3d 562, 586 (5th Cir. 1982)). Wingfield has also demonstrated financial eligibility to proceed IFP. *See Carson*, 689 F.3d at 586. Accordingly, Wingfield's motion to proceed IFP on appeal is GRANTED.